# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| THERMCO SYSTEMS LTD., § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | Civil Action No. 4:24-cv-621 |
| EXPERT SEMICONDUCTOR § | Judge Mazzant |
| TECHNOLOGY, INC., MARK § | |
| COOPER, and EDWARD JOHN § | |
| ROGERS, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Specially Appearing Defendants Expert Semiconductor Technology Inc. and Mark Cooper's Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) (Dkt. #11). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is an intellectual property case involving trade secret misappropriation and trademark infringement claims related to semiconductor furnace technology. Plaintiff is a United Kingdom company that designs and manufactures horizontal diffusion furnaces used in semiconductor production (Dkt. #11 at pp. 5–6). Defendant Expertech is a California semiconductor equipment company, and Defendant Cooper is its president (collectively, "Defendants")[1] (Dkt. #11 at p. 5). The question before the Court is whether it may exercise personal jurisdiction over Defendants.

---

[1] The Court's analysis does not address Defendant Rogers because he did not join in the pending Motion to Dismiss (*See generally* Dkt. #11).

Plaintiff alleges that it acquired exclusive rights to horizontal furnace technology from Aviza Technology Inc. in 2004, built a global business supplying systems based on this technology, and maintains a substantial installed base in Texas (Dkt. #15 at p. 8). Plaintiff contends that, as of 2021, it learned Defendant Expertech was manufacturing and selling horizontal furnace equipment and spare parts that incorporated Plaintiff's trade secrets (Dkt. #15 at p. 10). Defendant Expertech also allegedly displayed Plaintiff's trademarks without authorization, harming Plaintiff's reputation and relationships with Texas customers (Dkt. #11 at p. 20). Defendant Expertech responds that its work involves only vertical furnace equipment—licensed years earlier from Aviza—and that its limited Texas contacts relate exclusively to that distinct technology (Dkt. #11 at p. 7; Dkt. #15 at pp. 7–8).

On October 1, 2024, Defendants filed a Motion to Dismiss contending that the Court lacks personal jurisdiction because none of their Texas activities concern the horizontal furnace technology at issue (Dkt. #11 at p. 1). On November 14, 2024, Plaintiff filed its Response arguing that jurisdiction is proper under traditional and RICO standards due to Defendants' alleged targeting of Texas customers and misuse of Plaintiff's proprietary information (Dkt. #15 at p. 10). On December 2, 2024, Defendants filed their Reply maintaining that Plaintiff did not tie its claims to any forum-related conduct (Dkt. #20 at p. 6). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 216–17 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992).

Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 610 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8.

4

For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their actions." *Burger King Corp.*, 471 U.S. at 473 (citing *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated[] . . . or of the unilateral activity of another party or third person." *Id.* at 475 (citation modified).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "[I]t is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

# ANALYSIS

To determine whether the Court may exercise specific personal jurisdiction over Defendants, the Court applies the familiar three-part test: (1) whether Defendants purposefully directed their activities at the forum state; (2) whether Plaintiff's claims arise out of or relate to those contacts; and (3) whether exercising jurisdiction would be fair and reasonable. *Nuovo Pignone*, 310 F.3d at 378. Because the parties agree that general jurisdiction is lacking, the Court focuses solely on specific jurisdiction (*See generally* Dkt. #11; Dkt. #15). Applying this framework, the Court will examine each factor as they relate to each Defendant's conduct in, or directed toward, Texas. *See Nuovo Pignone*, 310 F.3d at 378. As discussed below, the Court concludes that Plaintiff has made a prima facie showing to support the exercise of personal jurisdiction over Defendant Expertech but not Defendant Cooper.

## I. Personal Jurisdiction Over Defendant Expertech

### A. Purposeful Availment

To start, the Court finds that Defendant Expertech purposefully availed itself of this forum. Plaintiff alleges that Defendant Expertech has engaged in direct sales of spare parts and provided services within Texas (Dkt. #15 at p. 23). Defendant Expertech does not dispute that it has sold parts to Texas customers, including Texas Instruments ("TI") and NXP Semiconductors ("NXP") (Dkt. #15 at pp. 17–18, 23–24). Plaintiff further alleges that over two hundred forty horizontal furnace systems it manufactured are installed in Texas, and that Defendant Expertech's infringing conduct affects its ability to service and maintain those systems (Dkt. #15 at p. 29).

In addition to direct sales, Plaintiff highlights that Defendant Expertech maintains an interactive website listing horizontal diffusion furnaces and related parts for sale without geographic restriction, including to customers in Texas (Dkt. #15 at p. 26). According to Plaintiff,

6

these website listings include the same class of products at issue in this litigation (Dkt. #15 at p. 26). While the website alone would not establish purposeful availment, it serves as an additional factor confirming Defendant Expertech's deliberate engagement with the Texas market when combined with its direct sales and services. *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002). Taken together, Plaintiff has alleged that Defendant Expertech purposefully availed itself of the Texas market by (1) selling parts to Texas customers; (2) marketing the accused products via an interactive website accessible to Texas customers; and (3) maintaining business relationships with Texas-based semiconductor companies (Dkt. #15 at pp. 7–8, 26). These allegations suffice to establish the first prong of the specific jurisdiction inquiry, particularly when construing the facts in favor of Plaintiff. *See Nuovo Pignone*, 310 F.3d at 378 (accepting uncontroverted allegations as true and resolving factual disputes in Plaintiff's favor this stage); *Jones*, 954 F.2d at 1067 (holding that limited forum contacts may support jurisdiction if deliberately directed at the forum).

### B.     Relation Between the Claims and Forum-Directed Conduct

Plaintiff has also satisfied the second prong. To do so, Plaintiff must show that its claims arise out of or relate to Defendant Expertech's contacts with the forum. *Nuovo Pignone*, 310 F.3d at 378. Specifically, Plaintiff identifies one sale by Defendant Expertech to NXP in Texas: a flame sensor kit identified as "Kit, Flam Sensor PL PN 167885-001*Replacement for Obsolete PN: 910534-001" (Dkt. #15 at pp. 27–28). Plaintiff alleges that this part is compatible with both vertical and horizontal furnace systems (Dkt. #15 at p. 8). While Defendant Expertech argues its Texas sales concern only vertical furnaces, Plaintiff insists that these systems share overlapping, interchangeable components, and that Defendant Expertech is improperly passing off horizontal furnace parts as legitimate replacements (Dkt. #15 at pp. 8–9).

7

Plaintiff further alleges that Defendant Expertech's global sales and servicing of infringing horizontal furnace equipment has damaged Plaintiff's relationships with existing Texas customers, including TI and NXP (Dkt. #15 at p. 8). According to Plaintiff, Defendant Expertech's conduct causes confusion in the market, erodes Plaintiff's goodwill, and interferes with Plaintiff's ability to service and support its installed base of horizontal systems in Texas (Dkt. #15 at pp. 8–9).

In addition to commercial harm, Plaintiff alleges that Defendant Expertech's unauthorized sales pose operational and safety risks (Dkt. #15 at pp. 8–9). Specifically, Plaintiff claims that counterfeit or unapproved parts may compromise the integrity of high-precision semiconductor fabrication equipment, potentially leading to production shutdowns at Texas-based fabrication facilities (Dkt. #15 at pp. 8–9). These allegations bolster the inference that Defendant Expertech's conduct caused injury within Texas, further supporting jurisdiction. *See McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) (an act done outside of Texas "that has consequences or effects within [Texas] will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct").

Here, Plaintiff has adequately alleged a connection between the forum and Defendant Expertech's conduct giving rise to its claims. Indeed, Plaintiff plausibly alleged that Defendant Expertech manufactured and sold horizontal diffusion furnace equipment using Plaintiff's proprietary information and branding; that the parts sold in Texas are interchangeable with the accused products; that Defendant Expertech's sales damages Plaintiff's relationships with Texas consumers; and that Defendant Expertech's unauthorized sales create severe safety risks (Dkt. #15

8

at pp. 8–9, 27–28). Construing those allegations as true, as the Court is obligated to do at this juncture, Plaintiff's allegations are sufficient to survive dismissal under Rule 12(b)(2).

### C.     Fair Play and Substantial Justice

Even if Plaintiff establishes minimum contacts, the Court must consider whether exercising jurisdiction would offend traditional notions of fair play and substantial justice. In doing so, the Court weighs the burden on the defendant, the forum state's interests, the plaintiff's interest in obtaining relief, and the interstate judicial system's interest in resolving controversies efficiently. *Burger King*, 471 U.S. at 477.

Here, Plaintiff alleges that Defendant Expertech's conduct harmed Texas-based customers and jeopardized the safe operation of semiconductor facilities within the state (Dkt. #15 at pp. 8–9). Texas has a clear interest in adjudicating claims that concern the integrity and safety of products used by local companies in a key statewide industry. Plaintiff also has a strong interest in obtaining relief in a forum where the alleged harm is being felt most acutely. On balance, then, the exercise of jurisdiction over Defendant Expertech in this case would not be unfair or unreasonable.

Overall, the Court finds that Plaintiff has made a prima facie showing of specific personal jurisdiction over Defendant Expertech. Plaintiff adequately demonstrated that Defendant Expertech purposefully availed themselves of the Texas forum through direct sales, marketing, and servicing of products alleged to infringe Plaintiff's rights that relate to the claims asserted in this case. Moreover, exercising jurisdiction in this forum would not offend traditional notions of fair play and substantial justice. The Court will accordingly **DENY** Defendants' Motion as to Defendant Expertech.

## II.  Personal Jurisdiction Over Defendant Cooper

Having settled the jurisdictional question as to Defendant Expertech, the Court now turns to Defendant Cooper. To exercise personal jurisdiction over an individual officer of a corporate defendant, the Court must determine whether the officer has sufficient contacts with the forum state in his personal capacity. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). Under Fifth Circuit precedent, "jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation." *Id*. An individual's status as a corporate officer does not, by itself, subject them to jurisdiction in a forum where the corporation does business. *Id.*; *see also Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 225 F. App'x 775, 794 (5th Cir. 2007) (per curiam). This notion, otherwise known as the "fiduciary shield doctrine," prevents the exercise of jurisdiction over a corporate officer based solely on acts performed in a representative capacity; instead, the officer must have personally engaged in conduct purposefully directed toward the forum state that gives rise to the claims asserted. *Stuart*, 772 F.2d at 1197.

Because jurisdiction over a corporation does not establish jurisdiction over its officers, Plaintiff must allege facts showing that Defendant Cooper, in his individual capacity, purposefully directed activities toward Texas giving rise to Plaintiff's claims. *See id*. Conclusory allegations that recite legal conclusions or describe corporate conduct are insufficient; the plaintiff bears the burden of establishing personal jurisdiction with specific facts connecting the individual defendant to the forum. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–69 (5th Cir. 2001).

Here, Plaintiff has not met its burden to establish personal jurisdiction over Defendant Cooper. The Complaint contains only two allegations specific to Defendant Cooper's personal conduct: that he "visited Texas to sell products manufactured through the misappropriation of [Thermoco's] trade secrets" and that he "directed a Texas logistics company" to ship freight (Dkt.

10

#1 at p. 5) But Plaintiff provides no dates, no context, no identification of the involved products, and no facts connecting Cooper's actions to the horizontal furnace technology at issue (*See generally* Dkt. #1). These are precisely the sort of "bare assertions" and "unsubstantiated allegations" the Fifth Circuit view as insufficient to establish personal jurisdiction. *See Panda Brandywine*, 253 F.3d at 869. Absent well-pleaded, claim-specific facts establishing that Defendant Cooper purposefully availed himself of the Texas forum, the Court cannot exercise personal jurisdiction over him. Accordingly, the Court must **GRANT** Defendants' Motion as to Defendant Cooper.

### III.     RICO Jurisdiction

Plaintiff also contends that personal jurisdiction over Defendants is proper under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which contains a nationwide service of process provision. Under 18 U.S.C. § 1965(b), "[i]n any action under [§ 1964] in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States." This provision permits a federal court to exercise nationwide personal jurisdiction over nonresident defendants if: (1) the plaintiff asserts a viable RICO claim; (2) at least one defendant resides in the district; and (3) the "ends of justice" require bringing the out-of-district defendants before the court. The Court will address each requirement in turn.

Starting with the first, Plaintiff must plead a plausible RICO claim that meets Rule 9(b)'s heightened particularity standard. *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138–39 (5th Cir. 1992). Rule 9(b) requires a plaintiff to specify the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [they] obtained thereby." *Id*. Plaintiff's Complaint generally alleges that Defendants engaged in a pattern

11

of racketeering activity through wire and mail fraud by marketing and selling unauthorized horizontal furnace equipment and parts (Dkt. #1 at pp. 19–22). But the pleading does not identify the specific communications constituting the alleged fraud, the dates or recipients of those communications, or the precise statements that were false or misleading. The allegations lump all Defendants together without differentiating their roles in the purported fraudulent acts. This lack of particularity fails to satisfy Rule 9(b); therefore, Plaintiff has not alleged a viable RICO claim under § 1965(b).

The second requirement is plainly satisfied here because one defendant—Edward John Rogers—resides in Texas and is not a moving party. Even so, Plaintiff has not met the third requirement. Courts applying § 1965(b) require a showing that there is no single district where all defendants could be sued together, that piecemeal litigation would substantially undermine judicial economy or fairness, or that nationwide jurisdiction is necessary to avoid injustice. *See Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 783 (N.D. Tex. 2008). Plaintiff does not allege that Texas is the only forum in which all Defendants could be sued, nor does it contend that litigating against Defendants in another forum would frustrate enforcement of a judgment or materially prejudice Plaintiff's ability to pursue its claims. To make matters worse, Plaintiff does not meaningfully address the "ends of justice" requirement at all. Without satisfying either the first or third factors, § 1965(b) cannot provide a basis for exercising personal jurisdiction over the moving Defendants. Accordingly, the Court cannot grant Defendants' Motion on this ground.

## CONCLUSION

It is therefore **ORDERED** that Specially Appearing Defendants Expert Semiconductor Technology Inc. and Mark Cooper's Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) (Dkt. #11) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that the Motion is **DENIED** as to Defendant Expertech and **GRANTED** as to Defendant Cooper. It is hereby **ORDERED** that all claims against Defendant Cooper are hereby **DISMISSED** without prejudice for lack of personal jurisdiction, and that all claims against Defendants Expertech and Rogers remain live.

**IT IS SO ORDERED.**

SIGNED this 12th day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE